ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **ISLA VERDE HOLDINGS, LLC,**<br><br>Peticionaria,<br><br>v.<br><br>GOLDEN DEBT, LLC; GOLDEN RE, LLC; DAVID EFRÓN; EFRÓN DORADO S.E.; GREEN FAMILY BRIGDGEHAMPTON, LLC; PDP HOLDINGS, LLC.,<br><br>Recurrida,<br><br>RAMÓN CALDERÓN; HOLSUM OF PUERTO RICO, INC.; PUEBLO, INC.,<br><br>Terceros demandados. | KLCE202401191 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Región Judicial de Bayamón, Sala Superior de Dorado.<br><br>Civil núm.: DO2018CV00096.<br><br>Sobre: incumplimiento de contrato; solicitud de cumplimiento específico; dolo contractual; daños y perjuicios; en la alternativa, *culpa in contrahendo*; daños y perjuicios *ex contractu*. |
| ISLA VERDE HOLDINGS, LLC,<br><br>Recurrida,<br><br>v.<br><br>GOLDEN DEBT, LLC; GOLDEN RE, LLC; DAVID EFRÓN; EFRÓN DORADO S.E.; **GREEN FAMILY BRIGDGEHAMPTON, LLC; PDP HOLDINGS, LLC.,**<br><br>Peticionaria,<br><br>RAMÓN CALDERÓN; HOLSUM OF PUERTO RICO, INC.; PUEBLO, INC.,<br><br>Terceros demandados. | KLCE202401193 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Región Judicial de Bayamón, Sala Superior de Dorado.<br><br>Civil núm.: DO2018CV00096.<br><br>Sobre: incumplimiento de contrato; solicitud de cumplimiento específico; dolo contractual; daños y perjuicios; en la alternativa, *culpa in contrahendo*; daños y perjuicios *ex contractu*. |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Díaz Rivera.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de diciembre de 2024.

El 4 de noviembre de 2024, ordenamos la consolidación de los sendos recursos de *certiorari* presentados el 30 de octubre de 2024, por la parte peticionaria Isla Verde Holdings, LLC, en el KLCE202401191, y el

Número identificador

RES2024_____

KLCE202401193, instado en la misma fecha por Greene Family Bridgehampton, LLC, y PDP Holdings, LLC.

Contando con la oposición de las recurridas, resolvemos denegar la expedición de ambos autos de *certiorari*.

I

En el primer recurso, la parte peticionaria Isla Verde Holdings, LLC, solicita que este Tribunal revoque la resolución del foro primario que denegó su solicitud de enmienda a la demanda[1]. Esta fue emitida el 27 de septiembre, notificada el 30 de septiembre de 2024.

En el segundo recurso, Greene Family Bridgehampton, LLC, y PDP Holdings, LLC, solicita que revoquemos la orden del Tribunal de Primera Instancia emitida el 27 de septiembre, notificada el 30 de septiembre de 2024, mediante la cual el tribunal declaró sin lugar la solicitud de una orden protectora a favor de estas peticionarias, con el fin de que no se tomasen, o se establecieran ciertas limitaciones a, unas deposiciones al representante de ambas compañías, señor Giribaldi.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad,

---

[1] Tomamos conocimiento judicial a los efectos de que, allá para el 21 de abril de 2023, el foro primario dictó *Sentencia Parcial*, mediante la cual desestimó la causa de acción de Isla Verde Holdings, LLC, que pretendía que se descorriera el velo corporativo en cuanto a Golden Debt, LLC, y Golden RE, LLC. Dicha *Sentencia Parcial* ha advenido, a esta fecha, final y firme.

o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

III

Evaluados los recursos consolidados, a la luz del derecho aplicable, este Tribunal concluye que las peticionarias no nos han persuadido de que el foro primario hubiera incurrido en un craso abuso de discreción o que hubiera actuado con prejuicio o parcialidad, o que se hubiera equivocado en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Por tanto, nuestra intervención en este asunto no se justifica.

IV

A la luz de lo antes expuesto, este Tribunal deniega la expedición de ambos autos de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones